1541

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 116 |
| v. | ) | |
| | ) | [UNDER SEAL] |
| MELISSA SINGLETON | ) | (18 U.S.C. § 1341) |

FILED
APR 27 2022
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## INDICTMENT

### COUNT ONE

The grand jury charges:

1. At all times material to this Indictment, the United States government has been taking steps to slow the spread of the novel coronavirus (COVID-19) and to mitigate its impact on the public's health and economic well-being.

2. On March 13, 2020, the President declared the ongoing COVID-19 pandemic to be an emergency under Section 501(b) of the Robert T. Stafford Disaster Relief and Emergency Assistance Act.

3. On March 27, 2020, the Coronavirus Aid, Relief, and Economic Security Act (CARES Act) was signed into law. The CARES Act created the Pandemic Unemployment Assistance (PUA) program, which provided unemployment benefits to individuals not eligible for regular unemployment compensation or extended unemployment benefits.

4. The CARES Act also provided for an emergency increase in unemployment compensation benefits, referred to as Federal Pandemic Unemployment Compensation (FPUC). FPUC provided eligible individuals with $600.00 per week in addition to the weekly benefit amount they received from certain other unemployment compensation programs, to include PUA.

5. The PUA and FPUC programs (collectively, "pandemic benefits") were administered by the various states, including the Commonwealth of Pennsylvania, but their benefits were funded in part by the federal government. In order to receive pandemic benefits, an applicant must have accessed a website maintained by the Commonwealth of Pennsylvania and filed a claim.

6. Individuals were only eligible for PUA benefits if they were unemployed for reasons related to the COVID-19 pandemic and were available to work.

7. Once an applicant was on the website, the individual was required to enter personal identifying information, including their name, date of birth, Social Security number, email, phone number, and physical address. An applicant was then required to answer a series of questions to determine their eligibility and payment amount.

8. Upon completion, the application was submitted to the Pennsylvania Department of Labor and Industry for review. If approved, the applicant was notified of the amount they would be paid per PUA, which was referred to as the "benefit amount," and the amount they would be paid per FPUC, which was referred to as the "stimulus amount."

9. Following the submission of a claim, and in order to receive benefits for a week of unemployment, an individual must have certified eligibility for PUA benefits for that week. Once certification was submitted, the applicant was notified of the "benefit amount" and the "stimulus amount" of their submitted claim.

10. Beginning on or about June 13, 2019, and all times material to this Indictment, D.S., a person known to the grand jury, was imprisoned at Allegheny County Jail, where he lacked the means to file a claim for pandemic benefits. During that period, as the defendant, MELISSA SINGLETON, well knew, D.S. was unavailable to accept work and was unemployed as a result of his imprisonment, rather than as a result of COVID-19.

## THE SCHEME AND ARTIFICE

11. In and around June 2020, in the Western District of Pennsylvania, the defendant, MELISSA SINGLETON, devised and intended to devise a scheme and artifice to defraud and for obtaining money by means of materially false and fraudulent pretenses, representations, and promises, well knowing at the time that the pretenses, representations, and promises were false and fraudulent when made.

12. It was part of the scheme and artifice that, on or about June 15, 2020, the defendant, MELISSA SINGLETON, filed a claim with the Pennsylvania Department of Labor and Industry in the name of D.S., which included material misrepresentations; to wit, that D.S. was available to work and was unemployed as a direct result of the COVID-19 pandemic, when, as MELISSA SINGLETON well knew, such misrepresentations were false. As a result of MELISSA SINGLETON's misrepresentations in the name of D.S., she caused a debit card funded with pandemic benefits to be issued in the name of D.S., which was sent to MELISSA SINGLETON at 177 McAlister Drive, Pittsburgh, Pennsylvania 15235.

## THE MAILING

13. On or about June 22, 2020, in the Western District of Pennsylvania, the defendant, MELISSA SINGLETON, for the purpose of executing the aforesaid scheme and artifice to defraud, and in attempting to do so, did knowingly cause to be delivered by the United States mail to 177 McAlister Drive, Pittsburgh, PA 15235, according to the directions thereon, one U.S. Bank ReliaCard debit card, addressed to D.S. from U.S. Bank.

In violation of Title 18, United States Code, Section 1341.

A True Bill,

_____
Foreperson

_____
CINDY K. CHUNG
United States Attorney
PA ID No. 317227

_____
BENJAMIN J. RISACHER
Assistant United States Attorney
PA ID No. 318436

4