IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

                    Plaintiff,                                    Criminal No. 22-0116

                                                        ELECTRONICALLY FILED

      v.

MELISSA SINGLETON,

                    Defendant.

## **Memorandum Order denying Motion for Early Termination of Probation (doc. 51)**

Pending before this Court is Defendant's Motion for Early Termination of Probation (doc. 51) and the Government's Opposition thereto (doc. 55).  Defendant's Motion will be DENIED.

On April 27, 2022, Defendant was charged in a one-count indictment alleging a violation of Mail Fraud at 18 U.S.C. § 1341 (doc. 3).  2. On October 4, 2022, Defendant pleaded guilty to Count I of the Indictment of violating 18 U.S.C. § 1341 (doc. 29). 3. On February 7, 2023, Ms. Singleton was sentenced to two (2) years of probation, restitution, and a special assessment of $100.00 was imposed (doc. 46, doc. 48).  Defendant remitted the restitution as well as paid the special assessment at sentencing.  Defendant's supervision will end on February 7, 2025, and she has completed just over half of her term of supervision (13 months as of March 7, 2024).

Motions for early termination of probation are governed by 18 U.S.C. § 3564(c), which requires consideration of "the factors set forth in section 3553(a) to the extent that they are applicable" and "if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." The United States Court of Appeals for the Third Circuit has not addressed the standards applicable to motions filed pursuant to § 3564(c) and district courts "within the Third Circuit are guided by the standards applied by the court of appeals to motions for early termination of supervised release filed pursuant to 18 U.S.C. § 3583(e)." *United States v. Frankel*, 2022 WL 17852029, at *1 (W.D. Pa. Dec. 22, 2022) (citing *United States v. Edwards*, 2022 WL 1028041, at *1 (E.D. Pa. Apr. 6, 2022); *United States v. Paterno*, 2002 WL 1065682, at *2 (D.N.J. Apr. 30, 2002))

Accordingly, this Court's inquiry concerning Defendant's conduct and the interests of justice is informed by the following factors: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, to protect the public for further crimes, and to provide the defendant with needed educational, vocational, or medical treatment; (3) the kinds of sentence and sentencing range pertinent to the defendant's crimes; (4) relevant Sentencing Commission policy statements; (5) the need to avoid unwarranted sentencing disparity amongst similarly situated defendants; and (6) the need provide restitution to the defendant's victims. See *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020) (citing *United States v. Davies*, 746 F. App'x 86, 88-89 (3d Cir. 2018)).

Defendant has advanced several contentions in support of her request for early termination of probation, but she primarily reasons that her probationary term should end early so that she may apply with a federal program to be the caretaker for her sick mother.  She contends that her probationary term may interfere with her ability to secure this employment

opportunity.  The Court has taken this situation into account and is pleased that Defendant has taken on this role for her mother.

Nonetheless, the ends of justice would not be served were this Court to end Defendant's probation after only 13 months served.  The Court informs its decision based upon the Section 3553(a) factors, to wit: Defendant's criminal history (she does have prior convictions for controlled substances including possession with intent to deliver, albeit not recent); the nature and circumstances of the offense (she committed mail fraud in applying for federal benefits under the CARES ACT - Pandemic Employment Assistance along with her husband, with whom she conspired over the phone while he was incarcerated); the kind of sentences available (and the fact that Defendant's sentence of probation was actually a stipulated downward variance from the Guideline range of 2-8 months imprisonment); the need to avoid unwarranted sentencing disparities, and the need to provide restitution to the victims of this offense (Defendant has complied with her restitution obligations).  The Court has also considered the need to provide punishment and deterrence.

As the Government posits, and this Court agrees, Defendant is to be commended for the positive strides she has made while on probation but complying with the conditions of probation is expected and required, and it does not justify the early termination of probation. *United States v. Brown*, 2023 WL 3252185, at *3 (W.D. Pa. May 4, 2023) (citing *United States v. Welling*, 2021 WL 409834, at *4 (W.D. Feb. 5, 2021)).  Based upon application of the 3553(a) factors, the Court does not agree that justice would be served if Defendant were to be relieved of her

probationary term just over the mid-point and there are no extraordinary circumstances that would compel such a result.  For these reasons, Defendant's Motion (doc. 51) is DENIED.


<u>s/Arthur J. Schwab</u>
United States District Judge